UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Widinson L. V.,

Petitioner,

v.

Markwayne Mullin, Secretary, U.S. Department of Homeland Security; David Venturella, Acting Director of Immigration and Customs Enforcement; David Easterwood, Field Office Director of Enforcement and Removal Operations, Minneapolis – St. Paul Field Office, Immigration and Customs Enforcement; and Matt Izzard, Sheriff of Douglas County Jail, custodian of detainees at the Douglas County Jail; in their official capacities,

Respondents.

Civ No. 26-2903 (PAM/JFD)

**ORDER**

Federal district courts may issue writs of habeas corpus only "within their respective jurisdictions. 28 U.S.C. § 2241(a). The exercise of jurisdiction in a habeas corpus proceeding generally requires that "the person who has custody over" the petitioner be found within the geographic boundaries of the Court. 28 U.S.C. § 2242; Padilla v. Rumsfeld, 542 U.S. 426, 434–35 (2004). Petitioner acknowledges in his habeas petition that he is no longer detained in Minnesota, (see Pet. (Docket No. 2) ¶¶ 8, 17–18, 20, 22, 26, 37), and therefore his immediate custodian cannot be found in Minnesota, either. Accordingly, this proceeding should not have been filed in Minnesota.

Petitioner attempts to justify his invocation of the District of Minnesota as a proper venue because he was apprehended in Minnesota, resides in Minnesota, and retained counsel in Minnesota, citing to 28 U.S.C. § 2241. (Id. ¶¶ 17–18.) However, Petitioner is not "in custody under the judgment and sentence of a State court," and Minnesota is not "a State which contains two or more Federal judicial districts." 28 U.S.C. § 2241(d).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also 28 U.S.C. § 1631 (permitting a district court to transfer proceedings upon a finding of lack of jurisdiction). The Court concludes that the transfer of this matter to the United States District Court for the Western District of Wisconsin, the district where Petitioner is now detained, is in the interest of justice and will transfer this matter accordingly.

Accordingly, **IT IS HEREBY ORDERED that** this matter is **TRANSFERRED** to the United States District Court for the Western District of Wisconsin.

Dated: June 11, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge